UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| O'RANE M. CORNISH, JR., | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | No. 3:24-cv-736 (SVN) |
| | : | |
| TOWN OF BLOOMFIELD, JALISA X. | : | |
| CUEVAS, MATTHEW T. SUPLEE, | : | |
| JAMES E. SALVATORE, and STEPHEN | : | |
| HAJDASZ, | : | |
| | : | |
| *Defendants.* | : | |

## <u>RECOMMENDED RULING</u>

This matter was referred to the undersigned for a ruling on plaintiff's Motion for Leave to Proceed *in forma pauperis* and review of the complaint pursuant to 28 U.S.C. § 1915. *See* ECF 12. For the reasons below, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* be DENIED WITHOUT PREJUDICE and the action be DISMISSED WITHOUT LEAVE TO AMEND based on the doctrine of *res judicata* or the prior pending action doctrine, and because the claims are time-barred and fail to state a cognizable claim.

### I.    IFP Motion

The undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* be denied without prejudice. Although plaintiff's affidavit indicates that he is homeless and therefore likely indigent, it does not list his prior federal court cases as required. ECF 2 at 6. Plaintiff made the same omission in his last IFP case and was warned of the importance of disclosing his prior federal cases. *See Cornish v. Town of Bloomfield*, No. 3:23-cv-1553 (KAD), 2023 WL 9698029, at *2 (D. Conn. Dec. 15, 2023) (Spector, M.J.). Furthermore, the omission is material given the similarity of the pending Complaint to the pleadings in plaintiff's last IFP

case, which was recently dismissed by Judge Dooley as described below.  Under these circumstances, the undersigned recommends that the IFP Motion be denied without prejudice for failure to disclose prior federal cases.  *See*, *e.g.*, *Furst v. Dep't of Mental Health and Addictions*, 3:19-cv-634 (JCH), at ECF 8 (Merriam, M.J.) (recommending denial of IFP motion without prejudice where litigious IFP plaintiff had previously been warned of requirement to identify prior cases) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-39 (1948) (§ 1915 affidavit requirement "protect[s] the public against a false or fraudulent invocation of the statute's benefits" and need not be accepted as true where court is able to "perceive a flagrant misrepresentation"); *Furst v. Bernstein*, No. 3:23-cv-379 (KAD), 2023 WL 4307957, at *1-2 (D. Conn. May 16, 2023) (Vatti, M.J.) (same). [1]

## II.    Review of the Complaint under § 1915(e)

### A.  Standard of Review

Pursuant to § 1915(e), the district court must review *in forma pauperis* complaints and dismiss any complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The term "frivolous" in § 1915 applies to "not only the inarguable legal conclusion, but also the fanciful factual allegation," and courts must dismiss a claim that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Separately, to determine whether a complaint fails to state a claim, the court assesses whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

---

[1] In each of the cited *Furst* cases, the district judge adopted the magistrate judge's recommendation that the IFP Motion be denied without prejudice.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court liberally construes pleadings and briefs submitted by self-represented plaintiffs, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017). If a *pro se* complaint is dismissed upon initial review, the court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

### B.  Allegations and Claims

The Complaint alleges that on October 5, 2018, plaintiff was wrongfully terminated from his job at Ocean State Job Lot, and that, "without a proper investigation," defendant police officer Cuevas thereafter issued a "Trespass Affidavit" – described elsewhere in the Complaint as a restraining order – against plaintiff based on the false accusations made by his former supervisor. ECF 1 at 3, 7, 8. The Complaint further alleges that Officer Cuevas and defendant Lieutenant Suplee "negligently failed" to review certain exculpatory evidence, resulting in the issuance of the "Trespass Affidavit" without due diligence" or probable cause. *Id.* at 3-4, 7. Additionally, defendant Lieutenant Salvatore allegedly concealed exculpatory emails that plaintiff sent, and defendant Captain Hajdasz refused to review the emails. *Id.* at 4. Plaintiff further alleges that the Bloomfield Police Department did not timely provide materials in response to a freedom of information request. *Id.* at 4-5. Plaintiff claims a Fourth Amendment violation concerning lack of probable cause; a due process violation concerning failure to investigate; violation of the right to access public records; and supervisory negligence. *Id.* at 7-9. The Complaint also contends that the statute of limitations should be equitably tolled during the pendency of the police investigation and/or tolled due to fraudulent

3

concealment of evidence. *Id.* at 5-6. Plaintiff seeks compensatory and punitive damages, attorney's fees, and "an injunction against further defamation." *Id.* at 9. The Complaint also indicates that plaintiff is "refiling" the case because he is displeased by prior rulings of Judge Dooley and Judge Spector, and he requests assignment of different judges. *Id.* at 6-7.

### C. Discussion

The prior action referenced in the Complaint is *Cornish v. Town of Bloomfield*, 3:23-cv-1587 (KAD) (D. Conn.) (hereinafter "Prior Action"), in which plaintiff raised the same claims against the same defendants. In the Prior Action, Judge Spector reviewed the original complaint under § 1915 and recommended dismissal based on the statute of limitations and, in the alternative, for failure to state cognizable claims under 42 U.S.C. § 1983 and *Monell*. *See id.*, ECF 11. Instead of objecting, plaintiff filed an amended complaint. *See* Prior Action at ECF 13. On review, Judge Spector recommended dismissal on the same bases as before. *See id.*, ECF 14. Judge Dooley then adopted both recommended rulings and dismissed the case with prejudice on April 15, 2024, and the Prior Action was terminated. *See id.*, ECF 17. However, three days later on April 18, 2024, plaintiff filed a second amended complaint in the Prior Action along with an emergency motion to remove Judge Dooley and a "Motion to Dismiss #14 Recommended Ruling" on grounds of alleged bias. *See id.*, ECF 18, 19, 20.

Meanwhile, on the same date of April 18, 2024, plaintiff purported to commence the present action using the second amended complaint that he simultaneously filed in the Prior Action. The two documents are identical except that the Complaint in this action omits the prior case number from the caption and removes the word "Amended" from the document heading. *Compare* Present Action, ECF 1 *with* Prior Action, ECF 18.

1.  **Res judicata**

The Present Action is barred under the doctrine of *res judicata* because plaintiff is

seeking to relitigate claims *in forma pauperis* that were or could have been raised in the Prior

IFP Action. As the Second Circuit has instructed:

> Under the doctrine of *res judicata*, once a final judgment has been entered on the
> merits of a case, that judgment will bar any subsequent litigation by the same
> parties or those in privity with them concerning the transaction, or series of
> connected transactions, out of which the [first] action arose. . . . This principle
> prevents a plaintiff from litigating claims that were or could have been raised in a
> prior action against the same defendant. . . . Even claims based upon different
> legal theories are barred provided they arise from the same transaction or
> occurrence. . . . [W]hile a dismissal under § 1915(e) does not prejudice the filing
> of a paid complaint making the same allegations, it could, however, have a *res
> judicata* effect on frivolousness determinations for future *in forma pauperis*
> petitions. . . . [V]arious circuits have so held [and] [w]e agree with the reasoning
> of these courts.

*Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (citations and

quotation marks omitted).  In the *Cieszkowska* case, after plaintiff's first IFP action was

dismissed, she filed a second IFP action involving the same events concerning her employment,

pay history, and termination.  *Id.* at 206.  Although she asserted a new legal theory in the second

action, the Second Circuit affirmed *res judicata* dismissal because she "could have brought that

cause of action in her prior action."  *Id.*; *see also*, *e.g.*, *Rajasekhar v. Env't Data Res., Inc.*, No.

3:20-cv-576 (VAB), 2020 WL 6828944, at *4 (D. Conn. July 27, 2020) (Farrish, M.J.) (citing

*Cieszkowska* and concluding three elements of res judicata were satisfied in an IFP case: (1)

prior dismissal with prejudice constituted adjudication on merits; (2) plaintiff was the same; and

(3) claims in subsequent case had same nucleus of operative facts and were raised or could have

been raised in prior action), *report and recommendation adopted*, 2020 WL 6826738 (D. Conn.

Nov. 20, 2020).

Likewise, in the present case, plaintiff brings the same claims against the same defendants that were dismissed with prejudice in the Prior Action. Although the Complaint adds some new terms such as "misleading affidavit," "equitable tolling," and "fraudulent concealment" that were not used in the dismissed pleadings in the Prior Action, these concepts were already alluded to in those pleadings. And even if they amounted to new legal theories, they could have been raised in the Prior Action. This action is therefore barred under the doctrine of *res judicata*.

### 2.  Statute of limitations and failure to state a claim

Even if the Complaint were not barred by *res judicata*, it would be subject to dismissal due to the same substantive defects identified by Judge Spector in the Prior Action, as follows. The Fourth Amendment claim concerning the "Trespass Affidavit" accrued on or about October 5, 2018, and the limitations period expired three years later. *See* Prior Action, ECF 11 at 7-8 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (§ 1983 claims accrues when plaintiff has complete and present cause of action); *Connelly v. Komm*, No. 3:20-cv-1060 (JCH), 2021 WL 5359738, at *3 (D. Conn. Nov. 16, 2021 (three-year statute of limitations for § 1983 claim in Connecticut court)). The due process claim concerning failure to investigate is untimely for the same reason. *See id.*, ECF 11 at 9-10. And even assuming the claim were timely or tolling were appropriate, the claim also is not viable because there is no constitutional right to a government investigation. *See id.*, ECF 11 at 9-10 (citing *Feliciano v. Town of E. Hartford*, No. 3:18-cv-1932 (OAW), 2023 WL 4826465, at *5 (D. Conn. July 27, 2023)) and ECF 14. Nor does the Complaint allege that plaintiff was ever arrested or prosecuted in connection with the alleged incidents such as might give rise to a due process claim. *See id.*, ECF 14 (citing *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 633 (E.D.N.Y. 2017) ("failure to pursue a particular

investigative path does not give rise to an independent due process claim apart from claims of false arrest, malicious prosecution, or violation of right to a fair trial.")).  Likewise, the claim concerning delays in responding to requests under Connecticut's Freedom of Information Act is not actionable under § 1983.  *See id.*, ECF 11 at 10-11 (citing *Richard v. Martin*, No. 3:20-cv-1354 (CSH), 2022 WL 5246814, at *14 (D. Conn. Oct. 6, 2022)).  And any claim concerning the Town of Bloomfield is not viable because the Complaint fails to allege facts that could state a *Monell* claim for municipal liability under § 1983.  *See id.*, ECF 11 at 12-13 (citing *Chiaravallo v. Middletown Transit Dist.*, 561 F. Supp. 3d 257, 286-87 (D. Conn. 2021) (*Monell* claim must allege that municipality violated federally protected right through (1) municipal policy, (2) municipal custom or practice, or (3) the decision of a municipal policymaker with final policymaking authority), and ECF 12 (citing *Mastromonaco v. Cty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019) ("a *Monell* claim cannot succeed without an underlying constitutional violation, and here there is no constitutional violation.")).  Because these defects persist in the Complaint, dismissal would be warranted for failure to state a claim even assuming it were not barred by *res judicata*.

### 3. Prior pending action doctrine

Lastly, to any extent that the Prior Action could be deemed still pending – given that plaintiff filed a second amended complaint and new motions after the case was dismissed and closed – the Present Action should be dismissed under the prior pending action doctrine.  "[A] district court may invoke its power to administer its docket by staying or dismissing a suit that is duplicative of another suit in federal court."  *Sentementes v. Lamont*, No. 3:21-cv-407 (MPS), 2021 WL 1978790, at *1 (D. Conn. May 18, 2021) (citing *Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) (plaintiff has "no right

to maintain two actions on the same subject in the same court, against the same defendant at the same time"). "The rule is properly invoked if the actions are 'the same,' *i.e.*, there must be 'the same parties . . . the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis of the relief sought must be the same.'" *Pagan v. Colon*, No. 3:21-cv-1715 (KAD), 2022 WL 834382, at *1 (D. Conn. Mar. 21, 2022) (quoting *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019)). In other words, "[d]ismissal is appropriate where 'an identity of issues exists and the controlling issues in the dismissed action will be determined in the other lawsuit.'" *Doody, Trustee v. Nationstar Mortg., LLC*, No. 3:21-cv-00609 (VDO), 2023 WL 8476322, at *3 (D. Conn. Dec. 7, 2023) (quoting 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1360, at 89 (3d ed. 2004)). The doctrine may apply even where the parties are not identical so long as "the claims, parties, and available relief do not significantly differ" and the parties "represent the same interests." *Moran v. Town of Greenwich*, No. 3:23-cv-330 (VAB), 2024 WL 1330092, at *4 (D. Conn. Mar. 28, 2024) (quoting *Oliphant v. State of Conn. Dep't of Transp.*, No. 3:02-cv-700 (PCD), 2004 WL 3249237, at *5 (D. Conn. Aug. 25, 2004)). Here, plaintiff's Complaint is identical to the second amended complaint that he filed the same day in the Prior Action, so to any extent that that pleading remains pending, the Present Action is plainly duplicative and should be dismissed under the prior pending action doctrine.

### D.  CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion for Leave to Proceed *in forma pauperis* be DENIED WITHOUT PREJUDICE and this action be DISMISSED WITH PREJUDICE.

This is a recommended ruling.  *See* Fed. R. Civ. P. 72(b)(1).  **Any objections to this recommended ruling must be filed with the Clerk of the Court on or before June 17, 2024.** *See* Fed. R. Civ. P. 72(b)(2) (objections to recommended ruling due fourteen days after being served), and 6(d) (three days added where service is by mail).  Failure to object by that date will preclude appellate review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 and 6(a); D. Conn. L. Civ. R. 72.2; *Small v. Secretary of H.H.S.,* 892 F.2d 15 (2d Cir. 1989) (per curiam); *F.D.I.C. v. Hillcrest Assoc.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED**, on this 30th day of May, 2024, at Bridgeport, Connecticut.


*/s/ S. Dave Vatti*
Hon. S. Dave Vatti
United States Magistrate Judge